In the Matter of RONALD J. KUBA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 4, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael A. Gentile* for respondent.

### OPINION OF THE COURT

Per Curiam.

Ronald J. Kuba, Esq. (respondent) was admitted to practice, as an, attorney and counselor-at-law in the courts of the State

of New York, by the Appellate Division, Second Department, on October 17, 1962, and, at all relevant times pertinent to this proceeding, he has maintained an office for the practice of law in this Department.

On or about July 24, 1989, in the United States District Court, for the Southern District of New York, respondent pleaded guilty to the crime of filing a false tax return (26 USC § 7201), which is a felony under the laws of the United States. Thereafter, he was sentenced to five months' supervised probation, 600 hours of community service, to be monitored by the Probation Department, and to pay the cost of his prosecution.

Following respondent's conviction and sentence in September 1989, the Departmental Disciplinary Committee (petitioner) filed a petition, which seeks an order from this court, finding that the crime of which respondent was convicted is a "serious crime", pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), suspending respondent from the practice of law, pursuant to Judiciary Law § 90 (4) (f) and directing respondent to show cause, pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or removal should not be entered.

In response, respondent has submitted an answer to the petition, and has cross-moved, pursuant to Judiciary Law § 90 (4) (h) and 22 NYCRR 603.12 (a), for a hearing. Respondent, in his answer, admits that the crime of which he was convicted is a "serious crime", within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and he does not object to his suspension, pursuant to Judiciary Law § 90 (4) (f).

The petitioner, in a reply affirmation of staff counsel, dated October 24, 1989, at page 2, states, in pertinent part, that "[s]ince a hearing is mandatory under Judiciary Law § 90 (4) (h) when requested by a respondent who has been convicted", the petitioner does not object to a hearing.

We have reviewed the papers submitted in behalf of the motion and cross motion, as well as the judgment of respondent's conviction, which is exhibit B to the petition.

Accordingly, we grant the petitioner's motion, and find that the respondent committed a "serious crime" (Judiciary Law § 90 [4] [d]), suspend respondent from the practice of law, pending a final order of this court (Judiciary Law § 90 [4] [f]), and direct respondent to show cause why a final order of suspension, censure, or removal from office should not be entered (Judiciary Law § 90 [4] [g]). Further, we grant the

respondent's cross motion for a hearing, and refer the matter to the Departmental Disciplinary Committee for a hearing in mitigation, and on the issue of sanction, and for report (Judiciary Law § 90 [4] [h]).

Ross, J. P., Asch, Rosenberger, Milonas and Ellerin, JJ., concur.

Petition granted and respondent directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court; respondent's cross motion is granted and the matter is referred to the Departmental Disciplinary Committee for a hearing, as indicated.